UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| COREY WIGGINS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 4:17 CV 1077 CDP |
| | ) |
| STANLEY PAYNE, et al., | ) |
| | ) |
| Respondents.[1] | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Missouri state prisoner Corey Wiggins' petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the following reasons, I will deny the petition.

### **Procedural History**

Wiggins is currently incarcerated at the Eastern Reception, Diagnostic, and Correctional Center in Bonne Terre, Missouri. In February 2013, he was charged in the Circuit Court of St. Louis County, Missouri, with murder first degree and armed criminal action. He pled guilty on November 21, 2013, to an amended charge of murder second degree and armed criminal action, and was sentenced to

---

[1] Stanley Payne is the current warden of the Eastern Reception, Diagnostic, and Correctional Center, where petitioner is incarcerated. He is therefore substituted for former warden Troy Steele as proper party respondent. *See* Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts. Further, because petitioner is challenging a sentence to be served in the future, the Missouri Attorney General is added as a proper party respondent. *Id.* at Rule 2(b).

life imprisonment and a consecutive term of nine years' imprisonment, respectively. Wiggins thereafter filed a motion for post-conviction relief under Missouri Supreme Court Rule 24.035, claiming that plea counsel was ineffective for failing to advise him before pleading guilty that he could possibly assert a voluntary manslaughter defense to first degree murder. The court denied the motion without an evidentiary hearing. On April 28, 2015, the Missouri Court of Appeals reversed and remanded the matter to the motion court for an evidentiary hearing. *Wiggins v. State*, 480 S.W.3d 379 (Mo. Ct. App. 2015). After an evidentiary hearing on remand, the motion court again denied Wiggins' post-conviction motion, and the Missouri Court of Appeals affirmed on March 7, 2017. *Wiggins v. State*, 512 S.W.3d 106 (Mo. Ct. App. 2017) (order) (per curiam).

Wiggins timely filed this petition for writ of habeas corpus on March 22, 2017.

**Grounds Raised**

In this petition, Wiggins claims that he received ineffective assistance of plea counsel for counsel's failure to advise him of the voluntary manslaughter defense, and that counsel was ineffective for failing to investigate such a defense. Wiggins claims he would have proceeded to trial had he known about the voluntary manslaughter defense.

In response, respondents argue that to the extent Wiggins claims that counsel

was ineffective for failing to *advise* him of a possible voluntary manslaughter defense, I should defer to the Missouri Court of Appeals' determination and find the claim to be without merit. Respondents further argue that to the extent Wiggins claims that counsel was ineffective for failing to *investigate* the defense, the claim is procedurally defaulted because Wiggins did not raise the claim in state court.

**Standard of Review**

**A.   Merits**

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), when a claim has been adjudicated on the merits in state court, a federal court may not grant an application for writ of habeas corpus unless the state court's adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2). *See Williams v. Taylor*, 529 U.S. 362, 379 (2000). The federal law must be clearly established at the time petitioner's state conviction became final, and the source of doctrine for such law is limited to the United States Supreme Court. *Id.* at 380-83.

A state court's decision is "contrary to" clearly established Supreme Court

precedent when it is opposite to the Supreme Court's conclusion on a question of law or "'confronts facts that are materially indistinguishable from a relevant Supreme Court precedent' but arrives at the opposite result." *Shafer v. Bowersox*, 329 F.3d 637, 646-47 (8th Cir. 2003) (quoting *Williams*, 529 U.S. at 405). A state court's decision is an "unreasonable application" of Supreme Court precedent if it "identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 529 U.S. at 413. Erroneous or incorrect application of clearly established federal law is an insufficient basis for this Court to grant habeas relief. Instead, the state court's application of federal law must be objectively unreasonable. *Id.* at 409-11; *Shafer*, 329 F.3d at 647.

Finally, "'a state court decision involves an unreasonable determination of the facts in light of the evidence presented in state court proceedings' only if it is shown by clear and convincing evidence that the state court's presumptively correct factual findings do not enjoy support in the record." *Lomholt v. Iowa*, 327 F.3d 748, 752 (8th Cir. 2003) (quoting 28 U.S.C. § 2254(d)(2)) (citing 28 U.S.C. § 2254(e)(1); *Boyd v. Minnesota*, 274 F.3d 497, 501 n.4 (8th Cir. 2001)). "[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Burt v. Titlow*, 571 U.S. 12, 18 (2013) (internal quotations marks and citation omitted).

This Court is bound by the AEDPA to exercise only limited and deferential review of underlying state court decisions. *Lomholt*, 327 F.3d at 751. To obtain federal habeas relief, the petitioner must show that "the challenged state-court ruling rested on 'an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Metrish v. Lancaster*, 569 U.S. 351, 357-58 (2013) (quoting *Harrington v. Richter*, 562 U.S. 86, 102-03 (2011)). This standard is difficult to meet. *Id.*

### B. Procedural Default

In order to obtain federal habeas review of a claim raised in a § 2254 petition, the petitioner must have first fairly presented the federal constitutional dimensions of the claim in each appropriate state court and in accordance with state procedural rules. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *Duncan v. Henry*, 513 U.S. 364 (1995) (per curiam); *Beaulieu v. Minnesota*, 583 F.3d 570, 573 (8th Cir. 2009); *Smittie v. Lockhart*, 843 F.2d 295, 296 (8th Cir. 1988). If the petitioner failed to properly present the claim in state court, and no adequate non-futile remedy is currently available by which he may bring the claim in that forum, the claim is deemed procedurally defaulted and is barred from federal habeas review "unless the [petitioner] can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim[] will result in a fundamental miscarriage of justice."

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991). *See also Martinez v. Ryan*, 566 U.S. 1, 10-11 (2012).

## Discussion

### A. Merits

A review of the record shows Wiggins properly raised in state court the claim that plea counsel was ineffective for failing to advise him of the voluntary manslaughter defense and that the Missouri Court of Appeals, upon review of the merits of the claim, denied relief. Therefore, I may consider the merits of this claim, exercising limited and deferential review of the underlying state court decision as required by the AEDPA.

At the time Wiggins' conviction became final, the law was clearly established that the Sixth Amendment guarantees a criminal defendant the right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A defendant who pled guilty upon the advice of counsel may challenge the voluntariness of that plea through a claim of ineffective assistance of counsel. *Hill v. Lockhart*, 474 U.S. 52, 56-57 (1985).

To be entitled to federal habeas relief on his claim of ineffective assistance of counsel, Wiggins must show that 1) his counsel's performance was deficient, and 2) the deficient performance prejudiced his defense. *Strickland*, 466 U.S. at 687. In order to prevail on this claim, Wiggins must satisfy both components of

the *Strickland* test. Accordingly, if he makes an "insufficient showing" on one component, I am not required to address the other. *Id.* at 697.

To establish deficient performance, Wiggins must show that "counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 687-88. Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690. To overcome this presumption, Wiggins must prove that, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Id.* To establish prejudice in the context of a guilty plea, Wiggins must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 58-59. To assess counsel's alleged failure to advise a criminal defendant of a potential defense, the "resolution of the 'prejudice' inquiry will depend largely" on whether the defense would have succeeded at trial. *Id.* at 59.

As noted above, the Missouri Court of Appeals reversed the initial denial of Wiggins' motion for post-conviction relief and remanded the matter back to the motion court for an evidentiary hearing on Wiggins' claim that counsel failed to advise him of the voluntary manslaughter defense. At the hearing, Wiggins and his plea counsel testified, as well as the responding police officer/lead detective and

various witnesses to the relationship between Wiggins and the victim. (Resp. Exh. F, ECF 6-7.) Based on the evidence adduced at the hearing, the motion court determined that Wiggins' claim was not credible, specifically finding plea counsel's testimony to be credible and that counsel "discuss[ed] with [Wiggins] the possibility of injecting at trial the issue of sudden passion in order to receive an instruction on Voluntary Manslaughter." (Resp. Exh. E, ECF 6-6, at 55.) Finding that counsel indeed advised Wiggins of the voluntary manslaughter defense, the motion court determined that Wiggins failed to demonstrate that plea counsel's performance was deficient. (*Id.* at 56.) The Missouri Court of Appeals affirmed.

On appeal, the court of appeals summarized the relevant evidence adduced at the evidentiary hearing as follows:

> Wiggins testified that plea counsel did not inform him about a voluntary-manslaughter defense to the murder charge before he pled guilty. Wiggins claimed that he would have proceeded to trial if he had known about the possibility of such a defense.
>
> Plea counsel testified that he discussed the facts of Wiggins's case with him before the guilty plea. Plea counsel remembered discussing a voluntary-manslaughter defense with Wiggins and specifically advising Wiggins that voluntary manslaughter requires evidence of sudden passion. After providing Wiggins with the statutory definition of sudden passion, plea counsel explained to Wiggins that words alone are insufficient under the law to invoke sudden passion. Plea counsel specifically recalled telling Wiggins that he could present a plausible voluntary-manslaughter defense at trial, but that the jury could reject this defense and find Wiggins guilty of first-degree murder. Plea counsel feared there existed sufficient evidence of deliberation—Victim was shot seven times—that would allow the jury to reasonably reject Wiggins's claims of acting under

> the influence of sudden passion. According to plea counsel, Wiggins
> expressed his desire to enter into a plea agreement rather than risk a
> first-degree-murder conviction at trial.

(Resp. Exh. C, ECF 6-3, at 3.) Deferring to the motion court's credibility determination, and upon its own review of the record, the court of appeals found that "[p]lea counsel's testimony supports a conclusion that Wiggins was informed about the viability of a voluntary-manslaughter defense before he pled guilty." (*Id.* at 7.) Given "that a discussion between Wiggins and plea counsel about the voluntary-manslaughter defense occurred," the court of appeals found that Wiggins' plea was voluntary and knowingly entered, and it denied Wiggins' claim of ineffective assistance of counsel. (*Id.*) For the following reasons, this determination was neither contrary to nor an unreasonable application of clearly established federal law. Nor was it an unreasonable determination of the facts.

Credibility determinations made for the purpose of establishing underlying facts are left for the state courts to decide. *Graham v. Solem*, 728 F.2d 1533, 1540 (8th Cir. 1984). I may not substitute my judgment as to the credibility of witnesses for that of the state court. *Id.* Instead, I must "accept credibility determinations made by a state court just as any appellate court must accept the credibility determinations of a trial court." *Id.* at 1540-41; *see also Marshall v. Lonberger*, 459 U.S. 422, 434 (1983) (federal habeas courts may not "redetermine credibility of witnesses whose demeanor has been observed by the state trial court, but not by

them."); *Smulls v. Roper*, 535 F.3d 853, 864 (8th Cir. 2008) (deference owed to state court under § 2254(e)(1) includes deference to its credibility determinations). Wiggins has not provided any clear and convincing evidence that the state court's crediting of plea counsel's testimony over that of Wiggins was unreasonable based on the record. According deference to this credibility determination and the finding that counsel advised Wiggins of the defense, I agree with the state court's conclusion that Wiggins failed to show deficient performance under *Strickland*.

I also note that in addition to finding that counsel indeed advised Wiggins of the voluntary manslaughter defense, the motion court also found that, regardless, the facts adduced at the evidentiary hearing did "not establish a viable defense and a sufficient basis for a jury to acquit [Wiggins] of Murder, and to find that [Wiggins] acted under the influence of sudden passion arising from adequate cause in killing the victim."[2] (*See* Resp. Exh. E, ECF 6-6, at 55.) I may not second-guess a Missouri state court on Missouri law. *Arnold v. Dormire*, 675 F.3d 1082, 1086 (8th Cir. 2012) (holding that trial counsel was not ineffective in failing to request a lesser-included offense instruction to which the defendant was not

---

[2] Under Missouri law, voluntary manslaughter is a class B felony, defined as causing the death of another person under circumstances that would constitute murder in the second degree, except that the death was caused "under the influence of sudden passion arising from adequate cause." Mo. Rev. Stat. § 565.023. Adequate cause is defined as "cause that would reasonably produce a degree of passion in a person of ordinary temperament sufficient to substantially impair an ordinary person's capacity for self-control." Mo. Rev. Stat. § 565.002(1). Sudden passion is defined as "passion directly caused by and arising out of provocation by the victim or another acting with the victim which passion arises at the time of the offense and is not solely the result of former provocation." Mo. Rev. Stat. § 565.002(15).

entitled). Because the motion court found that a voluntary manslaughter defense was unsupported by the facts in the case and that no factfinder could conclude that Wiggins had adequate cause or experienced sudden passion before shooting the victim, Wiggins has also failed to show that he was prejudiced by counsel's alleged failure to advise him of the defense. *See Hill*, 474 U.S. at 59 (resolution of prejudice prong on a claim that counsel failed to advise of a potential defense depends largely on whether the defense would have succeeded at trial).

Accordingly, the Missouri Court of Appeals' determination that Wiggins failed show that he received ineffective assistance of plea counsel was not contrary to nor an unreasonable application of Supreme Court precedent. Nor has Wiggins demonstrated that the court of appeals' decision was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Wiggins' claim that ineffective assistance of counsel rendered his guilty plea involuntary is therefore denied.

### B. Procedural Default

To the extent Wiggins claims that plea counsel was ineffective for failing to investigate the voluntary manslaughter defense, the claim is procedurally barred from federal habeas review because Wiggins failed to raise the claim in state court.

A claim must be presented at each step of the judicial process in state court in order to avoid procedural default. *Jolly v. Gammon*, 28 F.3d 51, 53 (8th Cir.

1994).  To be fairly presented, the claim in state court must contain the same factual grounds and legal theories as asserted in the federal habeas petition.  *Picard v. Connor,* 404 U.S. 270 (1971); *Palmer v. Clarke,* 408 F.3d 423, 430, (8th Cir. 2005); *Forest v. Delo*, 52 F.3d 716, 719 (8th Cir. 1995).  *See also see Ward v. Norris*, 577 F.3d 925, 935-36 (8th Cir. 2009) (federal habeas claim cannot be based on different facts than those presented to the state court).  Mere similarity in claims is insufficient.  *Abdullah v. Groose*, 75 F.3d 408, 412 (8th Cir. 1996) (citing *Duncan v. Henry*, 513 U.S. 364 (1995) (per curiam)).  A petitioner who presents to the state courts a broad claim of ineffective assistance of counsel with some specific ineffectiveness claims is not considered to have properly presented "all conceivable variations" of the claim for purposes of federal habeas review.  *Flieger v. Delo*, 16 F.3d 878, 885 (8th Cir. 1994).  "[A] habeas petitioner must have raised both the factual and legal bases for each ineffectiveness of counsel claim in the state courts in order to preserve the claim for federal review." *Id.*

Here, although Wiggins raised a claim in state court that counsel was ineffective for failing to *advise* him regarding the voluntary manslaughter defense, he did not assert the factual basis he now asserts that counsel was ineffective for failing to *investigate* the defense.  This factual aspect of the claim is therefore procedurally barred from review by this Court unless Wiggins can show cause for his default and actual prejudice resulting from the alleged unconstitutional conduct,

or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 731-32, 750.

As cause for his default, Wiggins appears to claim that he received ineffective assistance of post-conviction counsel at the initial post-conviction proceeding. In *Martinez v. Ryan*, 566 U.S. 1 (2012), the Supreme Court held that "a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." *Id.* at 17. Accordingly, a petitioner may claim ineffective assistance of post-conviction counsel as "cause" for default of a trial-related ineffective-assistance claim. *See Guzman v. Denney*, 692 F. App'x 323, 324 (8th Cir. 2017) (per curiam) (applying *Martinez* to defaulted claim of ineffective assistance of plea counsel). To establish such cause, the petitioner must show that post-conviction counsel's assistance was ineffective under the standards of *Strickland*, and further demonstrate that his underlying claim of ineffective assistance of plea counsel is a "substantial" one, that is, that the claim has some merit. *Martinez*, 566 U.S. at 14; *Guzman*, 692 F. App'x at 324. If the State demonstrates that the underlying claim of ineffective assistance of counsel is not substantial or non-meritorious, the petitioner cannot establish that post-conviction counsel was ineffective and thus cannot show cause for default of the underlying claim. *Martinez*, 566 U.S. at 15-16. Likewise, if

post-conviction counsel did not perform below constitutional standards, no cause is shown for default. *Id.*

As set out above, the state courts found that plea counsel discussed with Wiggins the possibility of a voluntary manslaughter defense, and the evidence showed that Wiggins decided to forego the defense and plead guilty to second degree murder. However, even if Wiggins had gone to trial and pursued the defense of voluntary manslaughter, the post-conviction motion court found that the defense was not viable and that a jury would not have had a sufficient basis upon which to acquit Wiggins of murder and find that he acted under influence of passion. It cannot be said, therefore, that plea counsel's alleged failure to investigate a non-viable defense resulted in prejudice to Wiggins. *See Hill*, 474 U.S. at 59. Accordingly, because Wiggins was not prejudiced by plea counsel's conduct, his underlying claim of ineffective assistance had no merit and post-conviction counsel was not ineffective for failing to pursue this non-meritorious claim. *See Burton v. Dormire*, 295 F.3d 839, 846 (8th Cir. 2002) (counsel's failure to raise non-meritorious claim cannot be faulted under *Strickland* because no relief could be obtained); *Zinzer v. State of Iowa*, 60 F.3d 1296, 1299 (8th Cir. 1995) (no ineffective assistance in failing to raise claim unlikely to succeed).

Wiggins has thus failed to show cause for his procedural default of his claim that plea counsel was ineffective for failing to investigate a voluntary manslaughter

defense. Nor has he presented any new reliable evidence of his actual innocence to invoke the fundamental miscarriage of justice exception. *Schlup v. Delo*, 513 U.S. 298, 316 (1995) ("Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim."). Therefore, my refusal to entertain this procedurally defaulted claim will not result in a fundamental miscarriage of justice.

Accordingly, to the extent Wiggins claims that plea counsel was ineffective for failing to investigate a voluntary manslaughter defense, the claim is procedurally barred from federal habeas review and will be denied.

**Certificate of Appealability**

Under 28 U.S.C. § 2253, an appeal may not be taken to the court of appeals from the final order denying habeas relief in a § 2254 proceeding unless a circuit justice or judge issues a Certificate of Appealability. 28 U.S.C. § 2253(c)(1)(A). To grant such a certificate, the justice or judge must find a substantial showing of the denial of a federal constitutional right. 28 U.S.C. § 2253(c)(2); *see Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). I find that reasonable jurists could not differ on Wiggins'

claims of ineffective assistance of plea counsel, so I will deny a Certificate of Appealability.

Accordingly,

**IT IS HEREBY ORDERED** that Stanley Payne is substituted for Troy Steele as proper party respondent to this action.

**IT IS FURTHER ORDERED** that Missouri Attorney General Josh Hawley is added as a proper party respondent to this action.

**IT IS FURTHER ORDERED** that Corey Wiggins' petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 [1] is **DENIED**. His motion for appointment of counsel [15] is **DENIED as moot.**

**IT IS FURTHER ORDERED** that a Certificate of Appealability will not issue because petitioner has not made a substantial showing of a denial of a constitutional right.

A separate Judgment is filed herewith.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 2nd day of July, 2018.